

# The Attorney General of Texas

July 25, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Robert Bernstein, M.D., F.A.C.P.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas    78756

Opinion No. JM-48

Re:    Availability   under   the
Open  Records  Act  of  licenses
issued by Department of Health
relating to storage, incinera-
tion, processing or disposal
of radioactive wastes

Dear Dr. Bernstein:

You have requested our opinion as to the availability under the
Open Records Act, article 6252-17a, V.T.C.S., of certain license
applications submitted to the Texas Department of Health. You explain
that the department has received a request "for copies of any new
license or amendments to existing licenses which relate to the
storage, incineration, processing, or disposal of radioactive wastes."
You state that, except for balance sheets, you have made such
information available to requestors in the past. You first ask
whether only the balance sheets may be withheld under sections 3(a)(4)
or 3(a)(10) of the Open Records Act. Those provisions except from
disclosure:

> (4)   information which, if released, would give
> advantage to competitors or bidders;

> (10)   trade secrets and commercial or financial
> information obtained from a person and privileged
> or confidential by statute or judicial decision.

Section 3(a)(4) has been construed by this office on numerous
occasions to apply only to bidding situations prior to the award of a
contract. See Open Records Decision Nos. 319, 302 (1982); 255 (1980);
201 (1978). Section 3(a)(10) excepts information if disclosure is
likely either "(1) to impair the government's ability to obtain
necessary information in the future; or (2) to cause substantial harm
to the competitive position of the person from whom the information
was obtained." Open Records Decision Nos. 309 (1982); 292 (1981); 256
(1980). Release of a company's balance sheet will not impair the
department's ability to obtain the information in the future, since
article 44.30(b) of the Texas Regulations for Control of Radiation,
promulgated under the authority of article 4590f, V.T.C.S., requires
an applicant for a radioactive waste license to submit to the

department information regarding its financial capability, including capitalization, revenues, value of assets, and extent of liabilities. Whether the second prong of the test is satisfied will depend upon the facts of each case.

You also ask whether you must treat a request for information as a continuing request. This office has said that the Open Records Act applies only to information in existence, and does not require a governmental body to prepare new information. Open Records Decision No. 342 (1982). Since the act requires a governmental body to furnish only information which is in existence at the time a request is made, we believe it follows that such request cannot be deemed a proper request for relevant information which may become available in the future. In our opinion, the act does not require a governmental body to treat a request for information as a continuing one.

## S U M M A R Y

The Open Records Act does not require a governmental body to treat a request for information as a continuing one. Whether balance sheets are excepted from disclosure depends upon the particular facts involved: they will be excepted from disclosure only if release would cause substantial harm to the competitive position of the person from whom the information was obtained.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
Colin Carl
Jim Moellinger